1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:14-cv-00131 AWI DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| M. D. BITER, | (Document 14) |
| Defendant. | |
| _____/ | |

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 30, 2014.

On May 27, 2014, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found that it stated a claim under the First Amendment against Defendant M.D. Biter.

On September 26, 2014, Defendant Biter filed the instant motion to dismiss pursuant to Rule 12(b)(6). Plaintiff opposed the motion on October 7, 2014, and Defendant filed his reply on October 14, 2014. The motion is ready for decision pursuant to Local Rule 230(l).

**A.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), where the events at issue occurred.

On July 17, 2013, Plaintiff petitioned Defendant Biter for a legal name change, which would allow Plaintiff to adhere to being a registered Muslim.

On August 1, 2013, Defendant Biter denied Plaintiff's request, stating that it would complicate Plaintiff's registration requirements for California Penal Code sections 290 and 296. Defendant Biter also determined that a name change would complicate the notification requirements of California Penal Code sections 3058.6 and 3058.9.

Plaintiff alleges that Defendant Biter, Warden of KVSP, is failing to allow him to freely practice his religion by denying him a religious name change, in violation of the First Amendment. He believes that Defendant Warden's cited reasons are an excuse to deny him the right to practice his religion.  Plaintiff contends that the reasons for denial do not constitute a penological basis that would threaten the safety and/or security of the institution.  Plaintiff argues that even if Defendant Biter granted the name change, the new name would not supersede his committed name on legal documents and CDCR records.  Instead, the religious name would be added on all documentation.

**B.    FAILURE TO STATE A CLAIM**

    1.    Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

1   129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

2   1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v.*

3   *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual

4   allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-*

5   *Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151,

6   1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings

7   liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d

8   1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di*

9   *Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

10          Plaintiff's complaint was screened and the Court determined it stated a claim upon which

11   relief may be granted.  28 U.S.C. § 1915A; *Watison*, 668 F.3d at 1112.  Defendant Biter presents

12   no arguments which persuade the Court it committed clear error in determining that Plaintiff's

13   First Amendment claim was cognizable or that any other grounds justifying relief from the

14   screening order exist.  *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district

15   court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was

16   clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was

17   substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would

18   otherwise result.").

19          2.      Analysis

20          The protections of the Free Exercise Clause are triggered when prison officials

21   substantially burden the practice of an inmate's religion by preventing him from engaging in

22   conduct which he sincerely believes is consistent with his faith.  *Shakur v. Schriro*, 514 F.3d 878,

23   884-85 (9th Cir. 2008); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part

24   by *Shakur*, 514 F.3d at 884-85.  However, "[l]awful incarceration brings about the necessary

25   withdrawal or limitation of many privileges and rights, a retraction justified by the considerations

26   underlying our penal system."  *Shakur*, 514 F.3d at 884 (internal citations omitted).

27

28

Prisoners are entitled under the First Amendment to use their religious and committed names on correspondence and other documents. *Malik v. Brown*, 16 F.3d 330, 333-34 (9th Cir. 1994).

Defendant contends that Plaintiff's own allegations show that the denial of the name change was reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Defendant denied the name change pursuant to four sections of the California Penal Code dealing with registration and notification requirements for sex offenders. Defendant argues that his denial would avoid a situation where there is a discrepancy between the names on the sex offender register, the DNA databank, and local law enforcement registers.

The Court does not doubt the legitimate public safety concerns raised by the notification and registration requirements for sex offenders. However, as the Court noted in its screening order, it cannot, at the pleading stage, determine whether the alleged infringement was reasonably related to a penological purpose. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (questions going to the merits of First Amendment claim not appropriately resolved on the pleadings). The *Turner* analysis is beyond the scope of a 12(b)(6) motion. Plaintiff has alleged that the cited reasons were pretextual, and the Court does not require more at the pleading stage.

The Court therefore rejects Defendant's argument.

## C.    QUALIFIED IMMUNITY

### 1.    Legal Standard

Defendant also argues that he is entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). "[T]he qualified immunity inquiry is separate from the

constitutional inquiry" and "has a further dimension." *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001)) (internal quotation marks omitted). "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made. . . ." *Estate of Ford*, 301 F.3d at 1049 (citing *Saucier* at 205) (internal quotation marks omitted).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier*, 533 U.S. at 201; *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. *Pearson*, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in *Saucier* that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); *Mueller*, 576 F.3d at 993-94.

The Court has already determined that Plaintiff's allegations are sufficient to state a claim against Defendant for violation of the First Amendment, but at the pleading stage, the Court cannot determine whether the alleged infringement violated Plaintiff's rights, as that requires a determination on the merits. Therefore, the Court exercises its discretion to proceed directly to the issue of whether Defendant is entitled to qualified immunity. *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

2.    Analysis

"For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515 (2002). While the reasonableness inquiry may not be undertaken as a broad, general proposition, neither is official action entitled to protection "unless the very action in question has previously been held unlawful." *Hope*, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," *Hope*, 536

1 | U.S. at 741.

2 |  The salient question is whether the state of the law as of August 2013 gave Defendant fair

3 | warning that his decision to deny Plaintiff's request for a religious legal name change, because of

4 | sex offender registration and notification requirements, was unconstitutional. *Hope*, 536 U.S. at

5 | 741 (quotation marks omitted).

6 |  In 2013, it was clearly established, as a broad general proposition, that prisoners retain the

7 | protections of the Free Exercise Clause, and that a prisoner's use of their religious and committed

8 | names on correspondence and other documents falls within this right. *Shakur,* 514 F.3d at 884-85;

9 | *Malik v. Brown*, 16 F.3d 330, 333-34 (9th Cir. 1994). However, it was also clearly established

10 | that this right is not without limitation, and that a decision to deny a request is valid if it is

11 | reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89.

12 |  The Court has not found case law that would have given Defendant fair warning that, in

13 | the situation he confronted, it would be unlawful to deny Plaintiff's request for a religion-based

14 | legal name change. A reasonable official would have believed it was lawful to deny a legal name

15 | change request where it may interfere with California sex offender registration and notification

16 | requirements.

17 |  Accordingly, the Court finds that Defendant is entitled to qualified immunity on Plaintiff's

18 | claim arising out of the denial of his request for a legal name change.

19 | **D.**   <u>**CONCLUSION**</u>

20 |  For the reasons set forth herein, the Court RECOMMENDS that Defendant's motion to

21 | dismiss, filed on September 26, 2014, be DENIED on the ground that Plaintiff fails to state a

22 | claim and GRANTED on the ground of qualified immunity.

23 |  These Findings and Recommendations will be submitted to the United States District

24 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty

25 | (30) days after being served with these Findings and Recommendations, the parties may file

26 | written objections with the Court. The document should be captioned "Objections to Magistrate

27 | Judge's Findings and Recommendations." The parties are advised that failure to file objections

28 | within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __

F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v.*
*Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 21, 2015**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

7